IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA D. OLBERT, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| NCO FINANCIAL SYSTEMS, INC., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |
| ) | |

## COMPLAINT

CYNTHIA D. OLBERT ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Alva, Oklahoma 73717.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The alleged debt, an Oklahoma College Assistance Program student

loan, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in April 2013, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone seeking and demanding payment in full for a consumer debt.

14. Defendant contacted Plaintiff, on average, two (2) to three (3) times a day.

15. As a result, Plaintiff received more than ten (10) collection calls a week.

16. In those instances where Plaintiff answered Defendant's calls, Defendant tried to get Plaintiff to pay the alleged debt by threatening that they would garnish her wages for nonpayment of the debt.

17. As of the date of this Complaint, Defendant has not filed suit for the underlying debt, obtained a judgment on the underlying debt, or sought to garnish Plaintiff's wages.

18. Upon information and belief, Defendant did not have any intention of garnishing her wages.

19. At the time the threat was made, Defendant's statement was false, deceptive and misleading, with intent to harass, abuse and annoy Plaintiff.

20. Further, in its attempts to collect the debt, Defendant contacted

Plaintiff's parents, deceptively claiming that they were looking for her and wanted her address and contact information.

21. Upon information and belief, at the time Defendant contacted Plaintiff's parents, it possessed valid contact information for her.

22. Upon information and belief, Defendant contacted Plaintiff's parents knowing that they would tell Plaintiff that "NCO Financial Systems" had called and was looking for her.

23. It was embarrassing to Plaintiff to have her parents called about this alleged debt.

24. Lastly, on or around April 14, 2013, Defendant sent correspondence to Plaintiff demanding payment of the alleged debt. See Exhibit A, Defendant's April 14, 2013, letter.

25. The April 14, 2013, letter was Defendant's initial communication with Plaintiff.

26. Because Defendant's April 14, 2013, letter was its initial communication with Plaintiff, §1692g(a) of the FDCPA requires that Defendant's correspondence contain the following language:

    (1)    the amount of the debt;
    (2)    the name of the creditor to whom the debt is owed;
    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity

of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed,** the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (emphasis added)

27. Despite this requirement, Defendant's April 14, 2013, correspondence states the following:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

28. Under the plain language of the FDCPA, a consumer must **dispute** the debt in writing in order to trigger the protections of 15 U.S.C. §1692g(a)(4).

29. However, Defendant's notice fails to include the language notifying Plaintiff that she must **dispute** the debt or any portion thereof, in order for Defendant to be required to send verification.

30. The FDCPA clearly states that a written dispute, and not merely a written request for verification, triggers the protections of the statute. See 15 U.S.C. §1692g(b).

31. Defendant's actions as described herein were taken with the intent to deceive, abuse, harass, and annoy in connection with the collection of a debt.

**DEFENDANT VIOLATED
THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.    Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff approximately two (2) to three (3) times a day, with the intent to annoy, abuse and harass Plaintiff.

## COUNT II

26. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(5).

    a.    A debt collector violates §1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    b.    A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

    c.    Here, Defendant violated §§1692e and 1692e(4) of the FDCPA by threatening to garnish her wages, when it did not intend to take such action and/or legally could not take the action.

## COUNT III

27. Defendant's conduct, detailed in the preceding paragraphs, violated 15

U.S.C. §1692f.

    a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including contacting Plaintiff's parents in its attempts to collect a debt.

## COUNT IV

27.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a)(4).

    a.    Section 1692g(a)(4) of the FDCPA requires a debt collector to inform the consumer in its initial communication that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed,** the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

    b.    Here, Defendant violated §1692g(a)(4) of the FDCPA by

omitting in its initial collection letter to Plaintiff that she must dispute the debt in writing to invoke her verification rights.

WHEREFORE, Plaintiff, CYNTHIA D. OLBERT, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CYNTHIA D. OLBERT, demands a jury trial in this case.

                                                      RESPECTFULLY SUBMITTED,

DATED: 05/24/2013              KIMMEL & SILVERMAN, P.C.

                                          By: */s/ Tara L. Patterson*
                                                Tara L. Patterson
                                                PA Attorney Id. No. 88343
                                                30 E. Butler Pike
                                                Ambler, PA 19002
                                                Phone: (215) 540-8888 ext. 103
                                                Fax: (877) 788-2864
                                                Email: tpatterson@creditlaw.com